MIKE ARIAS (Cal. Bar No. 115385)
mike@aswtlawyers.com
CRAIG S. MOMITA (Cal. Bar No. 163347)
craig@aswtlawyers.com
M. ANTHONY JENKINS (Cal. Bar No. 171958)
anthony@aswtlawyers.com
**ARIAS SANGUINETTI WANG**
  **& TORRIJOS LLP**
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Telephone:  (310) 844-9696
Facsimile:   (310) 861-0168

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

TERRY CHENG, individually and on
behalf of others similarly situated,

                Plaintiff,

vs.

PENSION BENEFIT INFORMATION,
LLC; THE BERWYN GROUP, INC.;
DOES 1 through 100,

                Defendants.

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**NOTICE TO DEFENDANTS OF DUTIES TO RETAIN EVIDENCE:**

        **TO ALL DEFENDANTS:** Note and adhere to your duties to retain, and

not delete or destroy, all documents, emails, databases, electronic records,

1

electronically stored information, and all other evidence that may be pertinent to this lawsuit, and to cease any destruction or deletion of such evidence that might otherwise take place in the ordinary course of your business or affairs.

## **INTRODUCTION**

1.      Plaintiff TERRY CHENG, on behalf of himself and all others similarly situated (the "Class"), brings this class action against Defendants PENSION BENEFIT INFORMATION, LLC,  THE BERWYN GROUP, INC. and DOES 1 through 100 (collectively, "Defendants"), for various claims under state law, including negligence, invasion of privacy and violations of California's Consumer Records Act ("CRA"), arising from a data breach which compromised personal information of retired members of the California Public Employees' Retirement System ("CalPERS"),[1] including their full name, date of birth and Social Security number.

---

[1] CalPERS "is the nation's largest public pension fund with assets of approximately $240 billion. [¶] Headquartered in Sacramento, CalPERS provides retirement and health benefit services to more than 1.6 million members and 3,033 school and public employers. The System also operates eight Regional Offices located in Fresno, Glendale, Orange, Sacramento, San Diego, San Bernardino, San Jose, and Walnut Creek. Led by a 13-member Board of Administration, consisting of member-elected, appointed, and ex officio members, CalPERS membership consists of approximately 1.1 million active and inactive members and more than 500,000 retirees, beneficiaries, and survivors from State, school and public agencies." (Vested Rights of CalPERS Members.)

ARIAS SANGUINETTI WANG & TORRIJOS LLP

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PARTIES**

2.      Plaintiff is and was at all times mentioned herein a citizen and resident of the State of California and a retired member of CalPERS.

3.      Defendant PENSION BENEFIT INFORMATION, LLC is a limited liability corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Minnesota, doing business as PBI RESEARCH SERVICES.

4.      Defendant THE BERWYN GROUP, INC. is a corporation incorporated under the laws of, and having its principal place of business in, the State of Ohio.

5.      Defendants PENSION BENEFIT INFORMATION, LLC and THE BERWYN GROUP, INC. are collectively referred to herein as "PBI."

**JURISDICTION AND VENUE**

6.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(d) as amended by the Class Action Fairness Act of 2005. Venue is proper in this district because Plaintiff resides in the County of Riverside and Defendants engage and perform business activities in and throughout this judicial district.  and many of the acts

committed by Defendants complained of herein occurred in this judicial district.

## **FACTUAL ALLEGATIONS**

7.      At all times relevant, PBI provided services to CalPERS to identify member deaths.

8.      At all times relevant, CalPERS provided PBI with the personal information of CalPERS retired members including Plaintiff and the rest of the Class, including the full name, date of birth and Social Security number for each of them.

9.      At all time's relevant, PBI represented on its website and privacy policy that, among other things, "protecting and securing your information is our highest priority[,]" "PBI strives to protect the personally identifiable information that we collect, maintain or disseminate, including by using appropriate administrative, physical, and technical safeguards[,]" and "PBI strives to protect the personally identifiable information that we collect, maintain or disseminate, including by using appropriate administrative, physical, and technical safeguards."

10.     In May 2023, the data that PBI had received from CalPERS with the personal information of Plaintiff and the rest of the Class, was downloaded

4

by an unauthorized third party. In total, full names, dates of birth and Social Security numbers of 769,000 retired CalPERS members were exfiltrated.

11.     PBI waited until on or around June 4, 2023, to notify CalPERS. CalPERS sent notices to retired members on June 22, 2023. PBI has not sent any notice to Plaintiff and the rest of the Class.

12.     DOES 1 through 100, inclusive, are unknown to Plaintiff who sue such Defendants by use of such fictitious names. Plaintiff will amend this complaint to add the true names when they are ascertained. Plaintiff are informed and believe and thereon allege that each of the fictitiously named Defendants is legally responsible for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct. At all relevant times, all Defendants were and are legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described in each and all of the foregoing paragraphs, unless otherwise indicated.

## **CLASS ALLEGATIONS**

13.     Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all members of the proposed Classes defined below.

14.   **Class Definitions**. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), Plaintiff seeks to represent the following classes (collectively "Class" or "Classes") defined as:

  a. **Class 1:** Each retired member of CalPERS.

  b. **Class 2:** Each retired member of CalPERS who resides in California.

  c. **Class 3:** Each individual whose personal information that PBI had received was downloaded by an unauthorized third party.

15.   **Numerosity**. The members of the Class are so numerous, counting over 1 million, that joinder of all members would be impracticable.

16.   **Commonality and Predominance**. There are well-defined common questions of fact and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members of the Classes. These include, but are not limited to, the following:

  d. Whether Defendants were negligent in safeguarding the personal information of the Class;

  e. Whether Defendants' conduct violated the CRA and/or right to privacy; and,

  f. Whether, as a result of Defendants' conduct, Plaintiff and the Class were injured or damaged.

6

17.    **Typicality**. Plaintiff's claims are typical of the claims of the Classes whose members sustained similar types of injuries arising out of the conduct challenged in this action.

18.    **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of all Class members and has retained counsel competent and experienced in class and employment litigation and who have been repeatedly found to be adequate to represent the interests of class members in other complex class actions.

19.    **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Furthermore, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them. The claims in this action are manageable on a class-wide basis and can be the subject of a class-wide plan for litigating and resolving these issues.

**COUNT I**

**NEGLIGENCE**

Against All Defendants

20.    Plaintiff reallege and incorporate the above allegations by reference as if set forth fully herein.

21.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth here.

22.     Defendants had a duty to Plaintiff and the rest of the Class, or an obligation to conform to a certain standard of conduct to prevent, protect against and/or safeguard the data that PBI had received from CalPERS with the personal information of Plaintiff and the rest of the Class, from being downloaded by an unauthorized third party. Defendants breached that duty, and that breach proximately caused the Plaintiff and the rest of the Class injuries and damages. Defendants further breached said duty by negligently, carelessly, and recklessly collecting, maintaining, and controlling their customers' sensitive personal information and engineering, designing, maintaining, and controlling systems that exposed Plaintiff and the rest of the Class members' personal information of which Defendants had control and possession to the risk of exposure to unauthorized persons.

23.     Defendants were negligent per se based on their violation of California Civil Code sections 1798.82, et seq., and 1798.100, et seq., and the provisions of the California Constitution enshrining the right to privacy, by failing to inform Plaintiff and the Class of the access to their sensitive personal information by unauthorized persons expeditiously and without delay and failing to adequately safeguard this information from unauthorized access. The

provisions of the California Civil Code and the California Constitution that Defendants violated were enacted to protect the class of Plaintiffs here involved from the type of injury here incurred, namely their right to privacy and the protection of their personal data, for which Plaintiff and the rest of the Class were within the class of persons and consumers who were intended to be protected by California Civil Code sections 1798.82, et seq.; 1798.100, et seq.; and the California Constitution.

24.    As a direct consequence of the actions as identified above, and the breaches of duties indicated thereby, unauthorized users gained access to, exfiltrated, stole, and gained disclosure of the sensitive personal information of Plaintiff and the Class, causing them harms and losses including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, privacy injuries associated with having their sensitive personal information disclosed, stress, anger, anxiety, and other special and general damages.

25.    If the economic loss doctrine applies, Plaintiffs fall within one or more of the exceptions. Specifically, Plaintiffs have pled non-economic harm,

ARIAS SANGUINETTI WANG & TORRIJOS LLP

that Defendants owed them an independent duty to safeguard their personal

information, and/or that a special relationship existed between the parties.

## COUNT II

### VIOLATION OF THE CUSTOMER RECORDS ACT (CRA)

### [Cal. Civ. Code § 1798.82]

Against All Defendants

26.    Plaintiff incorporates by reference all preceding paragraphs of this

Complaint as if fully set forth here.

27.    At all relevant times, Defendants were "businesses" under the

terms of the CRA as sole proprietorships, partnerships, corporations,

associations, financial institutions, or other groups, operating in the State of

California that owned or licensed computerized data that included the

personal information of Plaintiff and the Class.

28.    At all relevant times, Plaintiff and the Class were "customers"

under the terms of the CRA as natural persons who provided personal

information to Defendants for the purpose of purchasing or leasing a product

or obtaining a service.

29.    By the acts described above, Defendants violated the CRA and

California Civil Code section 1798.82 by allowing unauthorized access to

customers' personal information and then failing to inform them when the

unauthorized use occurred for weeks or months, thereby failing in their duty to inform their customers of unauthorized access expeditiously and without delay.

30.   As a direct consequence of the actions as identified above, Plaintiff and the Class have suffered incremental harm as a result of and arise from Defendants' delayed notification, and have incurred additional losses and suffered further harm to their privacy, including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal information disclosed, that they would not have otherwise lost had Defendants immediately informed them of the unauthorized use.

31.   As a result of Defendants' violations, Plaintiff and the Class are entitled to all actual and compensatory damages according to proof, to non-economic injunctive relief allowable under the CRA, and to such other and further relief as this Court may deem just and proper.

///

## COUNT III

## VIOLATION OF THE CALIFORNIA CONSTITUTION'S RIGHT TO PRIVACY

### [Cal. Const., art I, § 1]

Against All Defendants

32.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth here.

33.    The California Constitution provides:

"All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." (Cal. Const., art. I, § 1.)

34.    Plaintiff and the Class had a legally recognized and protected privacy interest in the personal information provided to and obtained by Defendants, including but not limited to an interest in precluding the dissemination or misuse of this sensitive and confidential information and the misuse of this information for malicious purposes such as the theft of funds and property.

35.    Plaintiff and the Class reasonably expected Defendants would prevent the unauthorized viewing, use, manipulation, exfiltration, theft, and

disclosure of their personal information and the unauthorized use of their accounts.

36.    Defendants' conduct described herein resulted in a serious invasion of the privacy of Plaintiff and the Class, as the release of personal information, including but not limited to names, social security numbers, dates of birth, and other information could highly offend a reasonable individual. As a direct consequence of the actions as identified above, Plaintiff and the Class suffered harms and losses including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal information disclosed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment on behalf of himself and the rest of the Class, against Defendants, and each of them, jointly and severally, as follows:

37.    For general, special, actual and compensatory damages in an amount according to proof;

1    38.    For punitive damages pursuant to California Civil Code section

2    3294(c)(3);

3

4    39.    For pre-judgment and post-judgment interest;

5    40.    For an award of attorneys' fees, costs, and expenses as authorized

6
7    by applicable law; and,

8    41.    For such other and further relief as this Court may deem just and

9
10   proper.

11
12   Dated: July 7, 2023                **ARIAS SANGUINETTI WANG**
                                         **& TORRIJOS LLP**
13

14                                    By:  _____/s/ M. Anthony Jenkins_____
15                                         MIKE ARIAS
16                                         CRAIG S. MOMITA
                                           M. ANTHONY JENKINS
17

18

19

20

21

22

23

24

25

26

27

28

14

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of themselves and the Class, demand a trial by jury on all issues so triable.

Dated: July 7, 2023

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

By: _____
/s/ M. Anthony Jenkins

MIKE ARIAS
CRAIG S. MOMITA
M. ANTHONY JENKINS

ARIAS SANGUINETTI WANG & TORRIJOS LLP